# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| FLEMING STEEL COMPANY, | ) | Case No. 11-22292 JKF |
| | ) | |
| Debtor-In-Possession, | ) | Chapter 11 |
| | ) | |
| | ) | Document No. _____ |
| FLEMING STEEL COMPANY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| No Respondent. | ) | |

## EMERGENCY CONSENT MOTION FOR APPROVAL OF STIPULATION REGARDING THE INTERIM USE OF CASH COLLATERAL AND EXTENSION AND PRIORITY OF LIENS.

**AND NOW,** comes the Debtor, by its attorney, Alan E. Cech, Esquire and the law firm of Morella & Associates, A Professional Corporation, and files this Emergency Consent Motion for Approval of Stipulation Regarding the Interim Use of Cash Collateral and Extension and Priority of Liens and in support thereof avers as follows:

**THE UNDERSIGNED CERTIFIES** that this matter is an emergency because unless the Motion is approved by the Court, the Debtor will have insufficient funds available with which to operate.

**THE UNDERSIGNED CERTIFIES FURTHER** that the necessity of this emergency hearing has not been caused by any lack of due diligence on my part, but has been brought about only by circumstances beyond my control or that of my client.

**THE UNDERSIGNED CERTIFIES FURTHER** that the amount of time needed to present information sufficient under applicable law to enable this Court to enter an order granting the requested relief is fifteen minutes.

1. Debtor is a Pennsylvania corporation with a mailing address of P.O. Box 5207 New Castle, PA 16105.

2. The Debtor filed a Voluntary Petition for Relief Under Chapter 11 of Title 11, United States Code on April 11, 2011, (hereinafter the "Petition Date").

3. First Commonwealth Bank is a banking institution organized and existing under the laws of the United States of America and having its principal office located at 654 Philadelphia Street, P.O. Box 400, Indiana, PA 15701.

4. The Debtor is indebted to Bank in connection with a loan in the original principal amount of $1,514,215.00 (the "$1.5MM Loan") dated July 29, 2008, which is secured by, *inter alia*, a first priority lien mortgage ("$1.5MM Mortgage") on all the real property owned by the Debtor and commonly known as Maitland Lane and Pulaski Road, New Castle, PA, being identified with Parcel Identification Numbers 25-1621100, 25-135100 and 25-403400 ("Commercial Property").

5. The $1.5MM Mortgage is recorded with the Lawrence County Recorder of Deeds at Instrument Number 2008-007498 and a complete legal description of the Commercial Property is contained therein.

6. The $1.5MM Loan is also secured by, *inter alia*, a second priority lien mortgage on real property commonly known as 2829 Graceland Road, New Castle, PA, being identified as Parcel Identification Numbers 25-209400 and 25-209500 ("Residential Property"), which

Residential Property is owned by principals of the Debtor and is not an asset of the instant bankruptcy estate.

7. The $1.5MM Loan is further secured by, *inter alia*, a second priority lien security interest in all of the Debtor's Inventory, Accounts and Equipment ("Personal Property Collateral").

8. The Debtor is indebted to Bank in connection with a loan in the original principal amount of $1,750,000.00 (the "$1.7MM Loan") dated July 29, 2008, which is secured by, *inter alia*, a second priority lien mortgage ("$1.7MM Mortgage") on the Commercial Property.

9. The $1.7MM Mortgage is recorded with the Lawrence County Recorder of Deeds at Instrument Number 2008-007500 and a complete legal description of the Commercial Property is contained therein.

10. The $1.7MM Loan is also secured by, *inter alia*, a third priority lien mortgage on the "Residential Property, which Residential Property is not an asset of the instant bankruptcy estate.

11. The $1.7MM Loan is further secured by, *inter alia*, a first priority lien security interest in all of the Personal Property Collateral.

12. The Bank's $1.5MM Mortgage, $1.7MM Mortgage and security interest in the Personal Property Collateral, including the Debtor's Accounts (as defined herein) in connection with both loans is hereinafter collectively referred to as the "Collateral".

13. In addition to the Bank's lien on the Personal Property Collateral, on or about March 21, 2011, Continental Casualty Company ("CCC") served a Writ of Execution and Garnishment Interrogatories (collectively, the "Writ") on First Commonwealth Bank in connection with its judgment lien against the Debtor at Case No. 21463 of 2010 in the Lawrence County Court of Common Pleas.

14. By virtue of the Writ, CCC maintains a lien that is subordinate to the Bank's lien and right of setoff in the deposit accounts maintained by the Debtor at the Bank containing approximately $68,000.00 ("Debtor's Accounts").

15. The use of the Debtor's Accounts is necessary for the Debtor's continued operation.

16. The Debtor seeks to use the Bank's Collateral, as well as "cash collateral", as that term is defined by the Bankruptcy Code (hereinafter referred to as "Cash Collateral"), in the ordinary course of the Debtor's business.

17. Under 11 U.S.C. §363, the Debtor is, absent permission from the Bank or Order of the Bankruptcy Court, precluded from utilizing the Collateral or Cash Collateral of the Bank.

18. The Debtor has requested that the Bank consent to the use of its Collateral and Cash Collateral.

19. The Bank is amenable to permitting the Debtor to have the use of its Collateral and Cash Collateral, subject to the terms and conditions of this Stipulation, for a defined period of time in order to permit the Debtor to continue operations and attempt to reorganize under Chapter 11 of the Bankruptcy Code.

20. The Debtor hereby agrees to reaffirm the terms and conditions of the Promissory Notes, Mortgages, Security Agreements, and the other existing financing documents entered into with the Bank (collectively, "Loan Documents").

21. The Debtor desires to provide adequate protection to the Bank for the Debtor's use of Collateral and Cash Collateral after the Petition Date by the extension of the Bank's existing liens on the post-petition assets of the Debtor in which the Bank would have been otherwise secured but for the operation of Section 552 of the United States Bankruptcy Code and the proceeds thereof arising out of the sale or other disposition of any of the Collateral.

22. The Bank is uncertain as to whether the interests of the Bank in the Collateral and Cash Collateral are otherwise adequately protected and Bank wishes to utilize a mechanism to provide for the continued operation of the Debtor's business and to avoid possible litigation by allowing the Debtor to use the Bank's Collateral and Cash Collateral.

23. The Debtor and the Bank have reached an agreement regarding the Debtor's use of the Collateral. A true and correct copy of the Stipulation is marked as Exhibit "A", attached hereto and made a part hereof.

24. In accordance with the attached Stipulation, no payments will be made to the Bank until August 11, 2011 or any other party with a lien on the Collateral, with respect to any obligation secured by that Collateral, until further Order of Court.

25. CCC (see Para(s) 13 and 14) the only other known lien claimant consents to this Motion with the understanding that Debtor will supply information on job status during the proceeding so as to allow it to assess the progress of the bankruptcy.

**WHEREFORE,** Movant respectfully requests that this Honorable Court approve this Stipulation Regarding Interim Use of Cash Collateral and Extension and Priority of Liens.

Respectfully Submitted,

  /s/ Alan E. Cech
Alan E. Cech, Esquire
Pa. I.D. #32504
Morella & Associates
706 Rochester Road
Pittsburgh, PA   15237
(412) 369-9696