**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| FLEMING STEEL COMPANY, | ) | Case No. 11-22292 JKF |
| | ) | |
| Debtor-In-Possession, | ) | Chapter 11 |
| | ) | |
| | ) | Document No. _____ |
| FLEMING STEEL COMPANY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| PERINI MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| Respondent. | ) | |

**EMERGENCY MOTION TO COMPEL PERFORMANCE OF PERINI MANAGEMENT SERVICES, INC.'S OBLIGATIONS UNDER AN EXECUTORY CONTRACT, TO ENFORCE THE AUTOMATIC STAY, AND FOR AWARD OF ACTUAL AND PUNTIVE DAMAGES AND ATTORNEY'S FEES FOR VIOLATION OF THE AUTOMATIC STAY.**

**AND NOW,** comes the Debtor, by its attorney, Alan E. Cech, Esquire and the law firm of Morella & Associates, A Professional Corporation, and files this Emergency Motion to Compel Performance of Perini Management Services, Inc.'s Obligations Under an Executory Contract, to Enforce the Automatic Stay, and for Award of Actual and Punitive Damages and Attorney's Fees for Violation of the Automatic Stay, and in support thereof avers as follows:

**THE UNDERSIGNED CERTIFIES** that this matter is an emergency because unless the Motion is approved by the Court, the Debtor will lose income and cash flow necessary to support continued business operations.

**THE UNDERSIGNED CERTIFIES FURTHER** that the necessity of this emergency hearing has not been caused by any lack of due diligence on my part, but has been brought about only by circumstances beyond my control or that of my client.

**THE UNDERSIGNED CERTIFIES FURTHER** that the amount of time needed to present information sufficient under applicable law to enable this Court to enter an order granting the requested relief is less than one hour.

## PRELIMINARY STATEMENT

1. This motion relates to section 365 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). Perini Management Services, Inc. (hereinafter "Perini") is a party to the Agreement, as defined below, which is an executory contract with Debtor. The Debtor intends to honor its obligations under the Agreement but Perini has improperly refused to perform its obligations under the Agreement. Under well settled authority, Perini must perform its obligations under the Agreement and this Court should compel Perini's performance.

2. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. 1334. This is a core proceeding pursuant to 28 U.S.C. 157(b).

## BACKGROUND

3. Debtor is a Pennsylvania corporation with a mailing address of P.O. Box 5207 New Castle, PA 16105.

4. The Debtor filed a Voluntary Petition for Relief Under Chapter 11 of Title 11, United States Code on April 11, 2011, (hereinafter the "Petition Date").

5. On or about March 23, 2011, the Debtor and Perini entered into an Agreement whereby Debtor would engineer, fabricate, and install aircraft hanger doors for a project for the United

States Coast Guard at Otis Airfield, in Cape Cod, Massachusetts (the "Project"). A true and correct copy of the Agreement (without Exhibits) is marked as Exhibit "A", attached hereto and made a part hereof.

6. The Project is to be completed over a period of approximately 8 months.

7. As of the date of the filing of the present bankruptcy proceeding, that is, April 11, 2011, Debtor had met all of the terms and conditions of the Agreement.

8. Shortly after the filing of this bankruptcy proceeding, the Debtor notified Perini of the filing of the bankruptcy and offered a variety of assurances as to its willingness and ability to complete the Project.

9. During the course of these discussions, Perini requested information which had little bearing on the Debtor's willingness or ability to complete the Project. Moreover, the information requested by Perini was not a condition of the Agreement and had not been requested prior to the parties' entry into the Agreement. Rather the requests seemed aimed at obtaining information to support a termination of the Agreement by Perini.

10. As part of the Agreement, Debtor prepared design drawings of the finished product for which payment has not been fully tendered by Perini.

11. These design drawings were submitted over two weeks ago and portions have already been approved by Perini.

12. The design drawings contain proprietary information which was disclosed only because of the existence of the Agreement.

13. The Debtor believes and therefore avers that Perini may be planning to use the proprietary design drawings prepared by Debtor by providing same to a competitor so that the competitor can take over the Agreement from Debtor.

14. On Thursday, May 12, 2011, Perini notified Debtor that it was going to terminate the Agreement "for convenience" and enter into a new Agreement with a different manufacturer.

15. Counsel for Debtor immediately notified Perini via e-mail, that because of the bankruptcy, it could not terminate the Agreement for convenience. In that same e-mail, Counsel for Debtor confirmed that the termination was to be "for convenience." A true and correct copy of the e-mail of May 12, 2011 is marked as Exhibit "B", attached hereto and made a part hereof.

16. On Friday, May 13, 2011, Perini issued a written notice that the Agreement was being terminated for breach of contract and for convenience. A true and correct copy of the Notice of Termination is marked as Exhibit "C", attached hereto and made a part hereof.

17. Despite two subsequent e-mail requests, Perini has failed and/or refused to identify the alleged breach. True and correct copies of the two subsequent e-mails of May 13, 2011 are marked as Exhibits "D" and "E", attached hereto and made a part hereof.

18. On Monday, May 16, 2011, Perini, realizing that suit was imminent, issued a notice attempting to withdraw the notice of termination. A true and correct copy of the May 16, 2011 notice is marked as Exhibit "F", attached hereto and made a part hereof. Interestingly, Perini has still not identified the default asserted in its prior notice of termination.

19. The Perini letter of May 16, 2011 (Exhibit "F") clearly states Perini's intent to terminate the Agreement.

20. Perini has, however, already violated the automatic stay by its notice of termination and its failure to issue a notice to proceed in a timely manner.

21. Debtor believes and therefore avers that Perini may have already entered into a new agreement with another manufacturer to replace the Debtor. If so, this further demonstrates that Perini has already violated the Automatic Stay.

22. It is believed and therefore averred that a termination for convenience under the circumstances presented is an attempt to circumvent section 365(e)(1) of the Bankruptcy Code, which expressly prevents parties from modifying the rights of a debtor under an executor contract "at any time after the commencement of the case solely because of a provision in such contract…that is conditioned on…the commencement of a case under this title…."

23. It is further believed and therefore averred that Perini's claim that Debtor has breached the Agreement is fraudulent and intended to circumvent the fact that Perini is not permitted to terminate the Agreement for convenience.

24. Before the Debtor can proceed to solicit bids for materials, and commence fabrication, it needs for Perini to issue a notice to proceed.

25. Termination aside, the delays in issuing the notice to proceed jeopardizes the Debtor's ability to complete the Project timely.

26. The income and cash flow to be derived from the Project is essential to the Debtor's continued operations and the unlawful actions of Perini threaten the very survival of the Debtor.

27. The Debtor is not in default under the Agreement, no termination of the Agreement took place prior to the filing of this bankruptcy proceeding, and Perini has not filed a Motion for Relief from Stay as a prerequisite to termination.

28. Despite the fact that Perini is aware of the bankruptcy and the legal impediments to termination of the Agreement post bankruptcy, and has had access to corporate counsel, Perini has engaged in a flagrant violation of the Bankruptcy Code, jeopardized the reorganization, and required the Debtor to incur additional and unnecessary legal expenses.

## BASIS FOR RELIEF REQUESTED

29. By its attempted termination of the Agreement, Perini has willfully and flagrantly violated the automatic stay imposed by section 362 of the Bankruptcy Code.

30. By its attempted termination of the Agreement, Perini has willfully and flagrantly violated section 365(e)(1) of the Bankruptcy Code.

31. This Court has the authority, under section 105 of the Bankruptcy Code to "…issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

32. The Court has the authority, under section 105 of the Bankruptcy Code, to impose sanctions and monetary damages for willful violations of the Bankruptcy Code.

## RELIEF REQUESTED

33. Debtor requests as follow:

    A. that the Notice of Termination issued by Perini be deemed void and unenforceable;

    B. that Perini be Ordered to perform under the Agreement;

    C. that Perini take no action which impairs or impedes the Debtor's performance under the Agreement;

    D. that Perini shall not fail to take any action if the failure in any way impairs or impedes the Debtor's performance under this Agreement;

    E. that Perini shall issue a Notice to Proceed to the Debtor with respect to the Project within one (1) hour after the entry of this Order;

    F. that Perini shall be fined $10,000 per day for each day that it fails to issue the Notice to Proceed;

G. that Perini shall pay to Counsel for Debtor the sum of $5,000. for time and expenses incurred in preparing and presenting the present Motion;

H. that Perini shall pay $25,000 to Debtor for its willful and flagrant violation of the United States Bankruptcy Code and automatic stay.

**WHEREFORE,** Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

  /s/ Alan E. Cech
Alan E. Cech, Esquire
Pa. I.D. #32504
Morella & Associates
706 Rochester Road
Pittsburgh, PA  15237
(412) 369-9696